UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JASPREET SINGH** | **DOCKET NO. 20-cv-0539** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **CHAD WOLF, ET AL** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Before the court is a Petition for Writ of Habeas Corpus, filed pursuant to 21 U.S.C. 2241 (rec. doc. 1) and an Emergency Motion to Stay Removal (rec. doc. 2) filed by Jaspreet Singh, through counsel. Singh, a citizen of India, is an inadmissible alien in the custody of the U.S. Immigration and Customs Enforcement (ICE), detained in the Pine Prairie Correctional Facility.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** the Petition for Writ of Habeas Corpus (rec. doc. 1) is **DENIED** for lack of jurisdiction, and the Emergency Motion to Stay Removal (rec. doc. 2) is **DENIED AS MOOT**.

## I. Background

In 2016, Singh, a 40-year-old Indian citizen from Punjab, India, joined the Sharomani Akali Dal (Amristar) Party, otherwise known as the Mann Party. Rec. Doc. 1, p. 13. Mr. Singh and his father are active members of the Mann Party, which Petitioner contends has made them targets of the local police and Congress Party. *Id*. Prior to his arrival in the United States, Petitioner, his father, and his son were attacked, beaten, and threatened to be killed because of their affiliation with the Mann Party. *Id*. at p. 14.

On or about September 13, 2019, Singh entered the United States without inspection at or near the Calexico port of entry from Mexico, seeking asylum. Doc. 1-2, p. 5. On September 15, 2019, the Department of Homeland Security (DHS) issued a Notice and Order of Expedited Removal. *Id*.

Petitioner was referred for a credible fear interview pursuant to Section 235(b)(1)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. §1225(b)(1)(A)(ii). Rec. Doc. 1, p. 15. His habeas corpus petition provides, "the asylum officer determined that Mr. Singh presented a credible claim – as in, the Officer found he was telling the truth-but ultimately rendered a negative result based on his finding that Mr. Singh failed to establish that he could not live somewhere else safely in India." *Id*. Petitioner requested review by an Immigration Judge (IJ), but the IJ affirmed the Asylum Office's decision. *Id*.

The petition states that DHS has recently requested his passport, which "strongly indicates" that he faces imminent removal. *Id.*

In addition to the filing of a Petition for Writ of Habeas Corpus, Petitioner filed a motion for an emergency stay requesting "this Court to stay/enjoin/temporarily restrain Respondents from removing him from the United States while his concurrently filed Writ for Habeas Corpus is pending before this Court." Rec. Doc. 2, p. 1. Petitioner further requests that this Court "provide him with a proper, individualized full asylum hearing after the issuance of a Notice to Appear." *Id.* at p. 2.

Singh alleges Constitutional violations, statutory error and regulatory error which he alleges occurred during his asylum process conducted by DHS and specifically, during his credible fear interview. Specifically, Petitioner alleges that the "credible fear interview was procedurally unfair and the Asylum Officer arbitrarily misapplied relevant law[.]" Rec. Doc. 1, p. 16. He requests this Court to "Issue a Writ of Habeas Corpus; [d]etermine that the Petitioner is being detained in violation of law where the Expedited Removal Order issued violated his statutory, regulatory and constitutional rights; order that the Expedited Removal Order be vacated, and order that the Petitioner be provided a new, meaningful opportunity to apply for asylum and other relief from removal[.]" *Id.* at p. 28.

## II. Law & Analysis

### A. *Emergency Stay of Removal*

To obtain a temporary restraining order or emergency stay of removal, Petitioner must establish by a preponderance of the evidence: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat that irreparable injury will result if the injunction (or stay) is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the injunction will not disserve the public interest. *Karaha Bodas Co. v. Perusahaan Pertambangan*, 335 F.3d 357, 363 (5th Cir. 2003).

This standard is a difficult and stringent one for the movant, and the movant bears the burden of establishing each element. *Whitaker v. Livingston,* 732 F.3d 465 (5th Cir. 2013). The Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Bluefield Water Ass'n, Inc. v. City of Starkville,* 577 F.3d 250, 253 (5th Cir. 2009). "The failure of a movant to establish one of the above four elements will result in the denial of a motion[.]" *Medlin v. Palmer,* 874 F.2d 1085, 1091 (5th Cir. 1989).

### B. *Application*

1. **Petitioner cannot show a "substantial likelihood of success on the merits, because this Court lacks subject matter jurisdiction.**

Likelihood of success on the merits is a threshold issue. The Respondents argue, and this Court agrees, that Singh's petition for habeas corpus is unlikely to succeed on the merits, because this Court lacks subject matter jurisdiction over Petitioner's claim. A party seeking injunctive relief cannot establish a "substantial likelihood of success on the merits" if the court concludes that it lacks jurisdiction. *Id*.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because federal courts are "'duty-bound to examine the basis of subject matter jurisdiction *sua sponte*,'" this Court must determine if it has jurisdiction to hear Singh's claims. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir.2008) (quoting *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)).

The 2005 REAL ID Act "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005)). Under the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." *Id. (citing* 8 U.S.C.A. § 1252(a)(5). "[T]he

terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision." *Id.* These provisions generally bar district courts from reviewing removal orders, even via a petition for habeas corpus. *Id.*

However, pursuant to section 1252(e), judicial review is still available in the district courts for certain challenges related to expedited removal orders issued under § 1225(b)(1). *Shah v. Director, Jackson Parish Correctional Center*, 2019 WL 4254139, at *4 (W.D. La. Sept. 6, 2019); 8 U.S.C. § 1252(a) ("Judicial review of a final order of removal (other than an order of removal without a hearing pursuant to section 1225(b)(1) of this title) is governed only by chapter 158 of Title 28, except as provided in subsection (b) of this section [governing petitions for review by the court of appeals]. . ..") (emphasis added); *see also Solis-de Patino v. Pitts*, 823 F. Supp. 2d 457, 459 (W.D. Tex. 2011). The limitations on judicial review of § 1225(b)(1) expedited removal orders contained in § 1252(e) apply and provide as follows:

> (1) Limitations on Relief
>
> Without regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, no court may--
>
> (A) enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title except as specifically authorized in a subsequent paragraph of this subsection . . .

> . . . .
>
> (2) Habeas corpus proceedings
>
> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of--
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

*Id*. at \*4-5. Therefore, the reviewing court may determine whether a removal order was issued and whether it relates to the petitioner. *Id*. at \*5. There shall be no review of whether the alien is actually admissible or entitled to any relief from removal." *Id. (citing Solis-de Patino,* 823 F.Supp.2d at 460 (rejecting petitioner's argument that because the original expedited order of removal was not appropriately executed and failed to comply with regulations, the court had jurisdiction to consider "whether such an order was in fact issued")).

Singh does not deny that he is an alien or that he was ordered removed pursuant to the expedited removal statute. Likewise, he cannot prove by a

preponderance of the evidence that he is an alien lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum. Instead, he challenges the fact that he has not been granted asylum. Thus, because he does not raise one of the grounds for review permitted by § 1252(e)(2), the Court has no jurisdiction to consider his claims. *Id*.

Petitioner asserts this Court's jurisdiction under the U.S. Constitution, art. I, §9, cl.2, the Suspension Clause. Specifically, Petitioner claims that this Court has jurisdiction, because Section 1252(e)(2) is unconstitutional under the Suspension Clause as applied to him, a non-citizen, in an expedited removal proceeding. Rec. Doc. 1, p. 8. However, the United States Fifth Circuit Court of Appeals has previously rejected such claims. *Shah*, *supra*, at * 6 (*citing Brumme v. INS*, 275 F.3d 443, 448 (5th Cir. 2001) (characterizing argument that courts have jurisdiction under § 1252(e)(2)(B) to determine whether the expedited removal statute "was applicable in the first place" as an attempt to make "an end run around" the "clear" language of § 1252(e)(5) ); *see also Diaz Rodriguez v. U.S. Customs & Border Prot*., 6:14-CV-2716, 2014 U.S. Dist. LEXIS 131872, 2014 WL 4675182, at *4 (W.D. La. 2014), *vacated sub nom. Diaz-Rodriguez v. Holder,* 14-31103, 2014 U.S. App. LEXIS 25004, 2014 WL 10965184 (5th Cir. 2014) ("[T]he legislatively imposed limitation

on review of his expedited removal order in his particular case does not run afoul of the Suspension Clause.")[1]

The Respondents conclude, and this Court agrees, that the Constitution simply does not provide an alien seeking initial admission to the United States the right to demand additional procedural protections concerning his admission beyond what Congress provided, or the right to demand more from the Executive Branch. For the reasons set forth above, Congress's determination to limit judicial review in the context of expedited removal proceedings does not violate the Suspension Clause.

Finally, Singh's attempt to rely on 5 U.S.C. § 702, the Administrative Procedures Act ("APA"), as a basis for jurisdiction fails as well. The APA provides

---

[1] The Court rejects the Petitioner's contention that it should follow the Ninth Circuit's decision in *Thuraissigiam v. U.S. Dept. of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted sub nom*. --- U.S.---, 140 S.Ct. 427 (2019) and exercise jurisdiction over his claims. Since *Boumediene v. Bush*, 553 U.S. 723 (2008) set forth a two-step analysis used to determine when a jurisdiction-stripping statute violates the Suspension Clause, the Ninth Circuit, in *Thuraissigiam,* and the Third Circuit, in *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422 (3d Cir. 2016), have applied it to an alien petitioner in an expedited removal situation.  In *Thuraissigiam*, the Ninth Circuit parted ways with the Third Circuit's reading of *Boumediene* in *Castro*, and held that the petitioner satisfied step one of the *Boumediene* analysis. See *Thuraissigiam*, 917 F.3d at 1115 (concluding that non-citizen petitioner in expedited removal proceedings could invoke the Suspension Clause based on line of cases in which "the [Supreme] Court permitted even arriving noncitizens to invoke habeas review"); cf. *Castro*, 835 F.3d at 445 (quoting *Landon v. Plasencia*, 459 U.S. 21, 32, 103 S. Ct. 321, 74 L. Ed. 2d 21 (1982)) (holding that the petitioners failed to "clear *Boumediene*'s first hurdle" based on *Landon*'s conclusion "that 'an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application.'").  Petitioner is correct in stating that the Fifth Circuit has not issued a ruling interpreting *Boumediene*.  However, several district courts in the Circuit, including Judge Doughty in the Monroe Division of this Court, have all expressly adopted *Castro's* analysis. *See Shah*, *supra*; *Nianga v. Wolfe*, 2020 WL 415927, *4 (N.D.Tex. January 27, 2020); *Bansci v. Nielsen*, 321 F.Supp.3d 729, 737 (W.D.Tex. 2018); *Hidalgo-Mejia v. Pitts*, 343 F.Supp.3d 667, 671-72 (W.D.Tex. 2018).  This Court will follow suit.

judicial review for "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." *Shah, supra,* at *7 (citing *Hinojosa v. Horn*, 896 F.3d 305, 310 (5th Cir. 2018) (*quoting* 5 U.S.C. § 702)). However, judicial review under the APA is not available in cases such as the one presently before this Court, when "statutes preclude judicial review" or "agency action is committed to agency discretion by law." *Id.*; 5 U.S.C. § 701(a). Accordingly, judicial review is unavailable in the instant matter, given the applicability of § 1252(e)(2), under which this Court has no jurisdiction to review or set aside Singh's order of expedited removal. *Id.*; see 5 U.S.C. § 701(a); *see also Sandoval-Lopez v. Tillerson*, 713 F. App'x 255, 258-59 (5th Cir. 2017); *Mejia v. Pitts*, 343 F. Supp. 3d 667, 670-73 (W.D. Tex.2018).

Accordingly, **IT IS RECOMMENDED** the Petition for Writ of Habeas Corpus (rec. doc. 1) is **DENIED** for lack of jurisdiction, and the Emergency Motion to Stay Removal (rec. doc. 2) is **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or

the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of May, 2020.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**